PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532

Admitted In:  NJ, NY, SC, DC, and PA



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

June 23, 2020

**VIA ECF**

Hon. Kenneth M. Karas, United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Bergeron v. Grindr, Inc.* **- Case No. 7:20-cv-00875-KMK**

Dear Judge Karas:

This firm represents Defendant Grindr, Inc. ("Grindr") in this action.  Pursuant to Your Honor's Individual Rules, Grindr requests a pre-motion conference concerning its anticipated motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2-4 ("FAA"), to strike Plaintiff's jury demand and class allegations, and/or to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

### A.    Factual Allegations in Plaintiff's Complaint

On January 31, 2020, Robert Bergeron ("Plaintiff") filed a putative class action against Grindr asserting claims for violation of NYGBL §§ 349 and 350, violation of NY Civil Rights Law § 51, trespass to chattels, intrusion upon seclusion, breach of contract, negligence, negligence *per se* pursuant to N.Y. Ben. Bus. Law § 899-aa, and unjust enrichment. Dkt. 1. Grindr is a developer of a web-based dating application ("App") that is available on Apple iPhone and Google Android devices. *Id*. at ¶¶ 1, 18, 19.  Plaintiff, an Android owner, asserts that he is a user of Grindr's App, but fails to disclose when he signed up for the services, presumably to avoid statute of limitation defenses.  *Id.* at ¶ 41.  Plaintiff also fails to plead whether he paid to use the App.

As a condition to using the Grindr App, Plaintiff concedes that he accepted a "consent" form and privacy policy advising that personal data on his cell phone would be disseminated to third-party MoPub.  *Id.* at ¶¶ 4-9, 11 13.  Plaintiff admits that Grindr directed him to review MoPub's privacy policy when he consented to use of Grindr's free App.  *Id.* at ¶¶ 13-14, 70.  However, Plaintiff claims he did not provide Grindr and MoPub informed consent to disseminate his personal data because "defendant's app [allegedly] …close[d] automatically" while he reviewed Grindr and MoPub's privacy policy.  *Id.* at ¶ 15.  Plaintiff blames Grindr for complications with his Android phone while viewing the terms and conditions at issue, and he blames Google, the manufacturer of his phone, for the dissemination of his personal data because Google's "settings to 'opt out of interest based ads'. . . are difficult to engage and locate," and because Google's default setting for ads automatically "opts in" users, including Plaintiff. *Id.* at ¶ 18.

Plaintiff fails to identify what personal data of his was disseminated by MoPub, yet he claims (1) he has suffered unspecified discrimination resulting from MoPub's alleged use of his personal

---

[1] Success on Grindr's motion to compel arbitration would obviate the need to adjudicate the motions to strike the class allegations and to dismiss.  Grindr defers to the Court's discretion as to whether the latter two motions should be brought concurrently with the motion to compel arbitration, or at a later time.

data; (2) his phone's speed was reduced by advertisements appearing on the app[2]; and (3) he was "highly offended" by Grindr, MoPub and Google's alleged practices. *Id.* at ¶¶ 12, 64, 67. Fatal to his claims, Plaintiff alleges his damages are an unascertainable "amount at least equal to the difference in value between that which was promised and Defendant's deficient performance." *Id.* at ¶ 75.

**B.     Plaintiff Agreed to Arbitrate His Claims Against Grindr on an Individual Basis**

Plaintiff should be compelled to arbitrate his individual claims because in becoming a user of Grindr's App, Plaintiff consented to an arbitration clause which requires disputes between he and Grindr "to be submitted to binding and final arbitration" and "in addition: (1) you will only be permitted to pursue claims against [Grindr] on an indvidiaul basis and not in any class or representative proceeding and (2) you are waiving your right to seek relief in a court of law and to have a jury trial on your claims." *See* **Exhibits A** and **B** (the two versions of the Terms of Service that applied during the defined class period).

It is axiomatic that the FAA "requires courts to rigorously enforce arbitration agreements according to their terms and that class action waivers in arbitration agreements are enforceable. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) (class arbitration waivers are enforceable under the FAA even when the cost of pursuing an individual arbitration claim exceeds potential recovery); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 478, 480 (1st Dep't 2004) (class action waivers are "neither unconscionable nor violative of public policy."). In light of strong law favoring enforcement of class action waivers, the class allegations should be struck, and Plaintiff should be required to arbitrate his claims on an individual basis.

**C.     Plaintiff's Claims Fail To State A Claim Upon Which Relief Can Be Granted**

    1.     <u>Violation of NYGBL §§ 349 and 350</u>

Plaintiff's NYGBL §§ 349 and 350 claims must be dismissed because his theory contains no manifestation of pecuinary or actual harm. *Small v. Lorillard Tobacco Co.*, 94 NY2d 43, 51 (N.Y. 1999). Plaintiff does not allege that he paid for Grindr's services; rather, his NYGBL §§ 349 and 350 damages are limited to being "tracked." Dkt. 1 at ¶¶ 56-57. Allegations like Plaintiff's, which set forth "deception as both act and injury," are routinely rejected. *Small,* 94 N.Y.2d at 56; *Edin v. Kangadis Food Inc.*, 2013 WL 6504547, at *5 (S.D.N.Y. Dec. 11, 2013) (Under § 349, deception and injury must be separately pled.); *Ovitz v Bloomberg L.P.*, 18 N.Y. 3d 753 (2012) (granting motion to dismiss because plaintiff did not pay for services he did not receive and thus no damages resulted from the alleged deceptive practices).

    2.     <u>NY Civil Rights Law § 51, Intrusion of Seclusion and Trespass to Chattel</u>

There is no common law right of privacy in New York. *Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion Gmbh & Co.*, 150 F. Supp. 2d 566 (S.D.N.Y. 2001). Plaintiff's statutory privacy claim should be dismissed because he fails to allege that his name or image was commercially appropriated. *Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000). Because Plaintiff fails to identify the data that was supposedly extrated from his phone, fails to sllege that his image was used and failys to specify where his data was used, he fails to state a statutory intrusion of privacy claim.

Relatedly, Plaintiff fails to allege that Grindr intentionally and physically interfered with his use and enjoyment of his phone, that any interference resulted in in harm to the condition or value of

---

[2] This of course is rank speculation and cannot be attributed to Grindr given that Grindr has no control over the performance of Google's Android devices, its ad services, or whether Plaintiff opts out of such ads on his phone.

his phone, or even that he was deprived of the use of his phone. *Hecht v. Components Intl., Inc.*, 2008 NY Slip Op 28439, 22 Misc. 3d 360, 369 (Sup. Ct. Naussau County 2008). As such, his trespass to chattel claim fails as well.

### 3. Breach of Contract

Plaintiff fails to state a breach of contract claim because he fails to attach the agreement at issue to the Complaint or identify any contractual provision that was allegedly breached. *Marshall Broadcasting Group, Inc. v. Nexstar Broadcasting, Inc.*, 2019 N.Y. Misc. LEXIS 5866 (Sup. Ct., N.Y. County, Oct. 30, 2019); *Bellow v. New Eng. Fin.*, 3 Misc. 3d 1109 (Sup. Ct. Nassau County 2004). This pleading deficiency fails to satisfy even Fed. R. Civ. P. 8 and is amplified by contradictions plaguing Plaintiff's breach of contract claim, which is premised on allegations that his personal data "would only be disclosed to those parties indicated by defendant." Dkt. 1 at ¶ 70. However, Plaintiff admits that Grindr and MoPub *did* identify the third-party users of his personal data. *Id*. at ¶¶ 5, 11, 13-14. These vague and self-contradictory allegations fail to state a claim for breach of contract.

### 4. Negligence and Negligence Per Se

Because there is no private right of action under NYGBL § 899-aa, Plaintiff's negligence *per se* claim based on a violation of this statute must be dismissed. NYGBL § 899-aa(6); *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, 49 Misc. 3d 1027, 1037 (Sup. Ct. Queens County 2015). Plaintiff's negligence claim is barred by the economic loss doctrine because he does not seek damages for injuries to his person or property. *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1320 (S.D.N.Y. 1997); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 505 (S.D.N.Y. 2013).

This claim also fails because it is duplicative of his breach of contract claim. *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012). Plaintiff alleges that Grindr's duty arose under NYGBL § 899-aa and the duty to "comply with the terms of its own privacy and security policy." Dkt. 1 at ¶ 82. Because the former provides no private cause of action and the latter is inextricably tied to a contract, Plaintiff's negligence claim fails on this basis. *Fixed Income Shares: Series M v. Citibank N.A.*, 130 F. Supp. 3d 842, 857 (S.D.N.Y. 2015).

In a similar vein, Plaintiff's negligence claim fails because Grindr has no duty to control the conduct of third-parties like MoPub. *Purdy v. Adm'r of Westchester County*, 72 N.Y.2d 1, 8 (Ct. App. 1988).

### 5. Unjust Enrichment

Plaintiff's unjust enrichment claim warrants dismissal because he fails to allege that Grindr was enriched at his expense and because the Complaint is void of any allegation that the contract at issue has been rescinded, abrogated, or rendered unenforceable. *Kaye v. Grossman,* 202 F.3d 611, 615-616 (2d Cir. 2000); *Waldman v. Englishtown Sportswear, Ltd*, 92 A.D.2d 833 (1st Dept. 1983).

We appreciate Your Honor's consideration of this request.

                                                                    Respectfully submitted,

                                                                    GORDON REES SCULLY MANSUKHANI LLP

                                                                    */s/Peter G. Siachos*

                                                                    PETER G. SIACHOS

cc:    All Counsel of Record (via ECF)